IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MWANIKI JOHNSON, | ) | CASE NO. 3:07CV00095 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE O'MALLEY |
| v. | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| STUART HUDSON, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Mwaniki Johnson ("Johnson") petitions this court for a writ of habeas corpus filed pursuant

to 28 U.S.C. § 2254 on December 21, 2006.  Johnson is in the custody of the Ohio

Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the

case of *State of Ohio v. Johnson*, Case No. CR 03-1052 (Lucas County 2003).  For the

reasons given below the magistrate judge recommends that the petition be denied.

I

On January 10, 2003, the September 2002 term of the Lucas County grand jury

indicted Johnson.  The state appellate court reviewing Johnson's conviction described the

following facts as relevant to the case:

> On January 9, 2003, appellant was charged in a two-count indictment with
> one count of felonious assault in violation of R.C. 2903.11, with a firearm
> specification and a repeat violent offender specification; and one count of attempted
> murder in violation of R.C. 2923.02, with a firearm specification and a repeat violent

offender specification.

The charges arose out of a shooting that occurred on the night of November 14, 2002, in Toledo, Ohio.  The incident occurred at the home of appellant's girlfriend, Sheronda Daugherty, following an argument between appellant and the victim, Anthony King.  According to testimony at trial, at one point during the dispute, appellant left the room and returned with a shotgun.  Appellant shot King in the back as King walked out of the house.  Appellant then came out of the house, said something to King as he lay on the ground, walked toward the basement of the house and left the scene.  Police apprehended appellant a short time later riding in his father's truck.

The matter proceeded to trial and on April 30, 2003, the jury returned a verdict of guilty as to attempted murder and the firearm specification but did not return a verdict as to the felonious assault count.  Over appellant's objection, the trial court ordered the jury to deliberate further and return a verdict as to Count 1.  The jury then returned a verdict of guilty as to the felonious assault count and the firearm specification.  On May 6, 2003, the trial court held a hearing to determine whether appellant was a repeat violent offender pursuant to R.C. 2941.149.  The trial court found appellant to be a repeat violent offender following the testimony of appellant's probation officer that he had previously been charged with and convicted of felonious assault after shooting someone in the chest.  On May 21, 2003, the matter was called for a sentencing hearing and appellant was sentenced to serve ten years imprisonment for the attempted murder conviction, three years for the firearm specification and an additional two years based on the finding that he was a repeat violent offender.  The trial court ordered that all of the sentences be served consecutively.  At that time, the trial court did not impose a sentence for the felonious assault conviction and the firearm specification attached to that charge.

Appellant began to serve his sentence, and on June 17, 2003, the case was called for a sentence review hearing.  At that time, the trial court ordered the original sentence modified.  The trial court sentenced appellant to ten years for the attempted murder conviction and eight years for the felonious assault conviction.  In addition, appellant was sentenced to serve three years for each firearm specification, four years for the repeat violent offender finding as to the felonious assault conviction and two years for the repeat violent offender finding as to the attempted murder conviction.  The trial court then ordered the two fifteen-year sentences to be served concurrently with the exception of the three-year firearm specification from Count 1, which was to be served consecutively, for a total sentence on all charges of eighteen years.

State v. Johnson, 2005 Ohio App. LEXIS 1211, 2-4 (March 18, 2005).

Johnson timely filed a notice of appeal in the state appellate court on July 16, 2003.

2

In his brief, Johnson raised five assignments of error:

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY INSTRUCTING THE JURY THAT THEY COULD CONSIDER FLIGHT FROM THE SCENE IN DETERMINING THE GUILT OF A DEFENDANT.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT WAS A REPEAT VIOLENT OFFENDER.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED BY VIOLATING THE DOUBLE JEOPARDY CLAUSE OF THE STATE OF OHIO AND UNITED STATES CONSTITUTIONS BY ALLOWING THE JURY TO CONSIDER FELONIOUS ASSAULT AFTER THEY RETURNED A VERDICT ON THE ATTEMPT [sic] MURDER CHARGE.

### ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED BY VIOLATING THE DOUBLE JEOPARDY CLAUSE OF THE STATE OF OHIO AND UNITED STATES CONSTITUTIONS BY ENTERING A SENTENCE FOR FELONIOUS ASSAULT AFTER DEFENDANT'S SENTENCING HEARING HAD BEEN HELD AND THE COURT HAD ALREADY JOURNALIZED ITS SENTENCING ORDER.

### ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE.

On March 18, 2005, the state appellate court affirmed the trial court's judgment.

Johnson appealed the appellate decision to the Ohio Supreme Court on April 28, 2005. Johnson presented five propositions of law in his memorandum in support of jurisdiction.

### PROPOSITION OF LAW I

THE TRIAL COURT ERRED BY WHEN [sic] IT ALLOWED THE JURY TO RETURN VERDICTS ON BOTH THE FELONIOUS ASSAULT AND ATTEMPTED MURDER CHARGES.

## PROPOSITION OF LAW II

THE TRIAL COURT ERRED IN BRINGING DEFENDANT BACK FROM PRISON TO BE "RE-SENTENCED" TO ADDITIONAL INCARCERATION AFTER HE HAD ALREADY BEGUN SERVING HIS SENTENCE.

## PROPOSITION OF LAW III

THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE.

## PROPOSITION OF LAW IV

THE TRIAL COURT ERRED BY INSTRUCTING THE JURY THAT THEY COULD CONSIDER FLIGHT FROM THE SCENE IN DETERMINING THE GUILT OF DEFENDANT.

## PROPOSITION OF LAW V

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT WAS A REPEAT VIOLENT OFFENDER.

The Ohio Supreme Court denied leave to appeal on August 10, 2005.

While Johnson's direct appeal was pending before the Ohio Supreme Court, Johnson filed, pursuant to Ohio App. R. 26(B) ("R. 26(B)"), a timely application to reopen his direct appeal on June 7, 2005, raising one assignment of error.

## ASSIGNMENT OF ERROR ONE

APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BECAUSE COUNSEL FAILED TO BRIEF, AS AN ASSIGNMENT OF ERROR, TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE FOR HIS FAILURE TO OBJECT TO THE ILLEGAL SENTENCE IMPOSED UNDER EXISTING LAW AT THE TIME OF SENTENCING, WHICH PREJUDICED APPELLANT TO A SUBSTANTIAL INCREASE IN THE TERM OF APPELLANT'S CONFINEMENT.  U.S. Const. Amend. VI, XIV; Ohio Const. Art. I §§10 and 16.

The state appellate court denied the application to reopen on June 28, 2005.  On July 8, 2005, Johnson filed a motion to certify a conflict.  On August 18, 2005, the state appellate court denied his motion.

4

Johnson timely appealed the June 28, 2005 decision to the Ohio Supreme Court on August 11, 2005. In his memorandum in support of jurisdiction, Johnson raised three propositions of law.

### PROPOSITION OF LAW I

IS [sic] OHIO SENTENCING LAWS UNCONSTITUTIONAL IN LIGHT OF *BLAKELY V. WASHINGTON* ALSO *BOOKER V. UNITED STATES*, IS [sic] THAT A TRIAL COURT OBTAINS AUTHORITY TO IMPOSE MORE THAN MINIMUM SENTENCES, CONSECUTIVE SENTENCES, BASED ON FINDINGS OF FACT, WHICH WERE NEITHER ADMITTED BY DEFENDANT NOR FOUND BY THE JURY VERDICT.

### PROPOSITION OF LAW II

DOES THE TRIAL COURT HAVE THE AUTHORITY TO IMPOSE ANOTHER OFFENSE UPON A DEFENDANT WITH CONSECUTIVE SENTENCES AFTER DEFENDANT HAS BEEN SENT TO THE EXECUTIVE BRANCH OF THE PENAL SYSTEM, DUE TO A FINDING OF A TRIAL JUDGE, AND NOT A JURY WITH THE GENERAL ASSEMBLY, WHEN FIRST SENTENCE WAS JOURNALIZED, IS THIS CONSTITUTIONAL IN LIGHT OF BLAKELY AND OHIO SENTENCING LAWS.

### PROPOSITION OF LAW III

IN LIGHT OF *BLAKELY V. WASHINGTON*, DOES A TRIAL JUDGE MAKE FINDINGS ON A DEFENDANT COMITTING [sic] THE WORST FORM OF A [sic] OFFENSE WITHOUT A JURY OR DEFENDANT ADMITTING TO THE FINDINGS OF FACT AND IMPOSE A REPEAT VIOLENT OFFENDER SPECIFICATION, SOLELY ON THE TRIAL JUDGE'S FINDING AND MOREOVER IMPOSE MAXIMUM CONSECUTIVE SENTENCES, AND BE IT SO *WOULD* IT BE UNCONSTITUTIONAL DUE TO EXISTING LAW PURSUANT TO *APPRENDI V. NEW JERSEY* (2000), 530 U.S. 466 AND THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION?

On October 26, 2005, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.

Johnson filed a petition for a federal writ of habeas corpus on December 21, 2006. Johnson's petition asserts two grounds for relief:

**Ground one:** The trial court erred in bringing petitioner back from prison to be

5

resentenced to additional incarceration after he had already begun serving his sentence in violation of the double jeopardy clause of the U.S. Constitution.

**Ground two:** The petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution for counsels [*sic*] failure to raise the issue that the trial court erred in sentencing petitioner to maximum consecutive sentences in violation of the mandated [*sic*] embodied in <u>Apprendi v. New Jersey</u>, (2000) 530 U.S. 466; and <u>Blakely v. Washington</u>, (2004) 124 S.Ct. 2531.

Respondent filed an Answer on June 6, 2007 (Docket #9).  Johnson filed a Traverse on

July 9, 2007 (Docket #10).  Thus, the petition is ready for decision.

II

A.    *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective

jurisdiction:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).  Johnson was convicted in the court of common pleas in

Lucas County, and Johnson filed his writ of habeas corpus in the Northern District of Ohio.

This court has jurisdiction over Johnson's petition.

B.    *Statute of Limitations*

Respondent argues that Johnson's petition is barred by the applicable statute of

limitations on federal habeas corpus petitions at 28 U.S.C. § 2244(d).  The Antiterrorism

and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time

within which a person in custody pursuant to the judgment of a state court may file a

6

petition for a federal writ of habeas corpus:

> A [one]-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§2244(d)(1)"). Direct review of a conviction includes review by the United States Supreme Court. *Bell v. State of Maryland*, 378 U.S. 226, 232 (1964). State post-conviction or other collateral review "remains pending" "until the application has achieved final resolution through the State's postconviction procedures." *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). Applications for state post-conviction review are not "pending" after the state court's post-conviction review is complete, and 28 U.S.C. §2244(d)(2) ("§2244(d)(2)") does not toll the one-year limitations period during the pendency of a petition for certiorari from state post-conviction review. *Lawrence, supra.*

The trial court sentenced Johnson on June 20, 2003.[1] Johnson timely appealed his conviction, and the Ohio Supreme Court denied his appeal on August 10, 2005. Johnson

---

[1]    Even though the trial court announced Johnson's initial sentence on May 21, 2003, none of Johnson's sentences was journalized until June 20, 2003.

7

did not seek a petition for certiorari to the Supreme Court.  Ninety days after the journalization of the Ohio Supreme Court's denial of his direct appeal, on November 9, 2005, the statutory period for filing a petition for a federal writ of habeas corpus began to run.[2]

After running 365 days, the period within which Johnson could have filed a timely petition for a writ of habeas corpus expired on November 9, 2006.  Johnson filed the instant petition on December 21, 2006.  Thus, Johnson's petition is barred by the state of limitations at 28 U.S.C. § 2244(d).

II

For the reasons given above the magistrate judge recommends that the court deny Johnson's petition for a writ of habeas corpus.

Date: July 10, 2007                              /s/Patricia A. Hemann
                                                 Patricia A. Hemann
                                                 United States Magistrate Judge

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986)

---

[2]    Johnson's application to reopen his appeal pursuant to R. 26(B) did not affect the running of the statutory period.  Johnson filed pursuant to R. 26(B) an application to reopen his appeal on June 7, 2005.  Normally, Johnson's R. 26(B) application to reopen would subject the limitations period to tolling under §2244(d)(2).  However, since Johnson initiated his R. 26(B) application to reopen while his direct appeal was still pending and the Ohio courts denied it before the period for seeking a writ of certiorari on direct review ended, application to reopen did not toll the limitations period.