# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MWANIKI JOHNSON,** | : | Case No. 3:07cv0095 |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **STUART HUDSON, Warden** | : | **MEMORANDUM AND ORDER** |
| | : | |
| Respondent. | : | |

On December 21, 2006, Petitioner, Mwaniki Johnson ("Johnson" or "Petitioner"), filed a petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254.[1]  On March 18, 2007 the Court referred (Doc. 4) this case to Magistrate Judge Patricia A. Hemann, ultimately for preparation of a Report and Recommendation ("R&R) regarding the disposition of Johnson's petition.  On June 11, 2007, Respondent, Stuart Hudson ("Hudson" or "Respondent"), filed an Answer/Return of Writ ("Answer") (Doc. 9).  On July 9, 2007, Johnson filed a Traverse (Doc. 10).  On July 10, 2007, Magistrate Judge Hemann issued an R&R (Doc. 11) recommending that this Court deny Johnson's petition and dismiss his case.  On August 1, 2007, Johnson filed objections to that R&R (Doc. 15).

Magistrate Judge Hemann's sole basis for recommending that Johnson's petition be denied is that it was not timely filed pursuant to the one-year statute of limitations outlined in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  For these reasons outlined in the R&R, and those that follow, the court **ADOPTS in part** the R&R, **DENIES** Johnson's petition and **DISMISSES** this case**.**

---

[1] The Court's docket reflects an actual filing date of January 12, 2007.  Because Johnson is confined in an institution, however, the date on which he delivered the petition to the institution's mail governs.  *Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir. 2001).

## I. BACKGROUND

The R&R accurately, and to an appropriate extent, sets forth this case's undisputed factual and procedural background. Though ultimately irrelevant to its analysis, the R&R also accurately outlines the grounds upon which Johnson seeks habeas relief. In the interest of efficiency, therefore, the Court adopts the R&R's articulation of the factual and procedural background, and does not restate them herein. As necessary, the Court will elaborate on factual and/or procedural issues.

## II. LAW AND STANDARD OF REVIEW

Because Johnson filed his habeas petition on December 21, 2006, the AEDPA governs this Court's review of the petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003).[2] As the R&R explains, it is undisputed the AEDPA requires that habeas petitions be filed within one year of the latest of four triggering dates. In pertinent part, the AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

---

[2] The AEDPA applies to petitions filed <u>after</u> its <u>April 24, 1996</u> effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

2

>  initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), the one-year limitations period is tolled while a petitioner seeks post-conviction relief in the state system. Specifically, that provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). "[T]he filing of a petition for certiorari before [the United States Supreme Court, however,] does not toll the statute of limitations under § 2244(d)(2)." *Lawrence v. Florida,* ---- U.S. ----, 127 S.Ct. 1079, 1086 (2007). Likewise, tolling does not occur during the ninety days after dismissal of a final state appeal within which a party may seek certiorari to the Supreme Court.[3] *Id*. *See also Provencio v. Henry*, 233 Fed.Appx. 743 (9th Cir. 2007)

While the AEDPA also outlines the standards by which federal courts review the merits of properly-asserted grounds for habeas relief, the Court need not address that body of law here because the Court ultimately concludes that the petition is time-barred.

---

[3] As will become evident, the application (or non-application) of *Lawrence's* limitation is at the heart of Johnson's objections. While the Court includes *Lawrence* here so as to provide an accurate description of the law, as outlined *infra*, *Lawrence* is not necessarily implicated in the Court's analysis of this case. Given Johnson's objections, however, it remains relevant.

### III. THE R&R AND JOHNSON'S OBJECTIONS

In sum, the R&R concludes that Johnson's petition is untimely because it was not filed within one year and ninety days[4] of the Supreme Court of Ohio's denial of Johnson's direct appeal <u>on August 10, 2005</u>. In this regard, the R&R invokes the first of the AEDPA's four triggering dates – namely, "the date on which the judgment became <u>final</u> by the conclusion of <u>direct review</u> or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Johnson agrees that this is the applicable § 2244(d)(1) trigger.

Johnson argues in his objections, however, that: (1) the R&R's timing calculation is wrong because the his judgment became "final" on October 26, 2005 (as opposed to August 10, 2005); and (2) if his petition is untimely, equitable tolling should apply because, at the time his petition was filed, Sixth Circuit law allowed tolling for ninety days (*i.e.*, to appeal to the United States Supreme Court) before the AEDPA clock began to run. The Court addresses these objections in turn below.

### IV. DISCUSSION

The Court need only review *de novo* those portions of the R&R to which Johnson has asserted specific objections. 28 U.S.C. § 636(b)(1). In this regard, Johnson's objections are few and simple, and the Court addresses them in turn. For the reasons outlined below, each of Johnson's objections is rejected.

---

[4] While the R&R specifically, and accurately, cites *Lawrence v. Florida,* ---- U.S. ----, 127 S.Ct. 1079, 1086 (2007), for the proposition that Johnson's direct appeal <u>does not include</u> the ninety days to seek review by the United States Supreme Court (*i.e.*, the one-year clock began once the Supreme Court of Ohio dismissed Johnson's direct appeal), it still includes those ninety days in its statute of limitations calculation.

4

    A.    **First Objection** –    Johnson Argues That His Judgement Of Conviction Became "Final" On October 26, 2005.

The R&R's calculation of the AEDPA's one-year time frame begins with the date on which the Supreme Court of Ohio dismissed Johnson's direct appeal – August 10, 2005. Johnson's calculation, however, relies on a later date – October 26, 2005. As the below summary illustrates, these two dates arise from Johnson's pursuit of two appeals. The first was the direct appeal of his conviction. The second was an appeal of the state appellate court's refusal to re-open his direct appeal, which remained ongoing at the time. As explained *infra*, the nature of these appeals impacts the manner in which the AEDPA's limitations period is calculated. The relevant events proceeded as follows:

**The Direct Appeal**

- July 16, 2003    Johnson timely appealed his conviction to the Sixth District Court of Appeals for Lucas County ("Sixth District").
- March 18, 2005    The Sixth District affirmed Johnson's conviction.
- April 28, 2005    Johnson timely appealed to the Supreme Court of Ohio.
- June 7, 2005    Collateral appeal begins – *see below*.
- **August 10, 2005**    The Supreme Court of Ohio dismissed Johnson's direct appeal.

**The Collateral Appeal**

- June 7, 2005    Pursuant to Ohio Appellate Rule 26(B), Johnson moved the Sixth District to re-open his direct appeal.
- June 28, 2005    The Sixth District denied Johnson's motion to re-open.
- August 11, 2005    Johnson appealed to the Supreme Court of Ohio the Sixth District's denial of his motion to re-open the direct appeal.
- **October 26, 2005**    The Supreme Court of Ohio dismissed Johnson's appeal regarding the Sixth District's refusal to re-open the direct appeal.

In other words, the Supreme Court of Ohio twice dismissed appeals filed by Johnson. As noted, the R&R looks to the first dismissal (August 10, 2005); Johnson looks to the second (October 26, 2005). Because the result here is the same regardless of which date applies, the Court need not engage in a lengthy discussion to determine which date governs.

Johnson does not argue that his petition would be timely if the Court based its calculation on the August 10, 2005 dismissal. Even if the Court were to withhold the AEDPA clock until after the ninety days *Lawrence* now prohibits, Johnson's petition would still be untimely.[5] 127 S.Ct. at 1086. The result *via* application of the August 10th dismissal, therefore, is undisputed. For this reason, Johnson focuses exclusively on the Supreme Court of Ohio's October 26, 2005 dismissal of his Rule 26(B) motion to re-open his direct appeal. Despite *Lawrence*, which Johnson argues in his next objection should be disregarded, Johnson then improperly presumes that the AEDPA limitations period began to run ninety days later, on January 24, 2006. Johnson maintains, therefore, that the AEDPA deadline for filing his habeas petition expired one year after that date, on or about January 24, 2007 – *i.e.*, about one month after his petition was filed. This argument fails, however, because the appeal dismissed on October 26, 2005 was "collateral" in nature.

A motion to re-open a direct appeal pursuant to Ohio Appellate Rule 26(B) is considered "collateral review" under the AEDPA. *Lambert v. Warden, Ross Correctional*, 81 Fed.Appx. 1, 8 (6th Cir. 2003) ("Therefore, 26(B) applications are best classified as parts of collateral review under AEDPA."). More importantly, the Sixth Circuit made clear in *Lambert* (which was decided well before *Lawrence*) that the AEDPA's limitation period is not delayed for ninety days (*i.e.*, to seek

---

[5] August 11, 2005 (*i.e.*, the next day) + 90 days = November 9, 2005 + one year (AEDPA limitations period) = November 9, 2006 (AEDPA filing deadline).

*certiorari*) following the dismissal of a "collateral" appeal. *Lambert*, 81 Fed.Appx. at 3 (citing *Abela v. Martin*, 309 F.3d 338, 345-48 (6th Cir. 2002).[6]

Accordingly, even if the Court were to base its timing calculation on the October 26, 2005 dismissal, as Johnson proposes, the petition would still be untimely because the limitations period would have expired one year from that date (as opposed to one year and ninety days from that date). This is the case without regard to *Lawrence*, which related to whether ninety days of tolling occurred in the "direct" review context. It is clear that the October 26, 2005 dismissal related to a "collateral" appeal. As such, Johnson's view that the AEDPA clock did not *begin to run* until ninety days after the Supreme Court of Ohio's October 26, 2005 dismissal is without merit and is rejected.

**B.     Second Objection – Johnson Argues That If His Petition Is Untimely, Equitable Tolling Should Apply.**

In his second objection, Johnson argues that equitable tolling should apply "if this court finds [the] petition untimely pursuant to *Lawrence* because no ex post facto laws should be retroactively applied to deny him a previous right." Doc. 15 at p. 4. In other words, Johnson claims that *Lawrence* should not operate to bar his petition because it had not yet been decided when the petition was filed. This objection fails for several reasons.

First, the Respondent's primary argument for dismissal has always been that Johnson's petition is untimely, yet Johnson raises equitable tolling for the first time in his objections to the R&R. Nowhere in his Traverse (Doc. 10) does Johnson argue that equitable tolling should apply.

---

[6]     *Lambert* pre-dates Johnson's petition, which is relevant because Johnson's only objection to the Court's application of the limitation outlined in *Lawrence v. Florida,* ---- U.S. ----, 127 S.Ct. 1079, 1086 (2007)*,* is that *Lawrence* post-dates Johnson's petition.

7

Consequently, the issue was never presented to the Magistrate Judge, or the Respondent for that matter, for consideration. Further, beyond a simple reference to *Lawrence v. Florida,* ---- U.S. ----, 127 S.Ct. 1079 (2007)*,* and when it was decided, Johnson does not even purport to analyze the various factors the Court must consider relative to equitable tolling.[7] Facially, therefore, Johnson's curt argument that equitable tolling should apply is unconvincing.

Second, Johnson's criticism that the R&R improperly bases its conclusion on *Lawrence* is misplaced. As previously noted, while acknowledging *Lawrence's* limitation with regard to tolling, the R&R ultimately afforded Johnson ninety days worth of tolling in its time calculation – *i.e.*, in contradiction to *Lawrence*. At best, Johnson can only object that the R&R incorrectly relies on August 10, 2005 (as opposed to October 26, 2005) as the applicable "triggering" date. However, Johnson never justifies his reliance on October 26, 2005; in fact, he claims that the applicability of that date is "undisputed." Clearly, that is not the case.

Finally, as outlined above, *Lawrence* is not implicated by the October 26, 2005 dismissal because that dismissal related to "collateral review" of Johnson's Rule 26(B) motion. At the time Johnson filed his petition, it was well-settled that the AEDPA's one-year limitations period is not delayed for ninety days (*i.e.*, to appeal to the United States Supreme Court) following dismissal of a "collateral appeal." *Lambert v. Warden, Ross Correctional*, 81 Fed.Appx. 1, 3 (citing *Abela v.*

---

[7] Courts look to five factors to determine whether equitable should apply: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1004-08 (6th Cir.), cert. denied, 534 U.S. 1057 (2001).

*Martin*, 309 F.3d 338, 345-48 (6th Cir. 2002)).[8] Accordingly, the Court does not find Johnson's petition "untimely pursuant to *Lawrence*," which is the sole concern expressed in Johnson's second objection. Rather, pursuant to settled Sixth Circuit precedent that pre-dates Johnson's petition, the petition is untimely regardless of the Supreme Court's clarification in *Lawrence*. Johnson's objection in this regard, therefore, is rendered moot and rejected.

## V. CONCLUSION

For the foregoing reasons, Johnson's petition is time-barred by the AEDPA's one-year statute of limitations. In light of the Court's comments herein, the Court **ADOPTS in part** the R&R (Doc. 11) and concludes that Mwaniki Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) must be **DENIED.** This case is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

                                              s/Kathleen M. O'Malley
                                              **KATHLEEN McDONALD O'MALLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: November 30, 2007**

---

[8] Of note, in arguing that *Lawrence* should not apply, Johnson's objections cite *Abela v. Martin*, 309 F.3d 338, 345-48 (6th Cir. 2002) as the Sixth Circuit authority that should govern the Court's analysis.