UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MWANIKI JOHNSON,** | : | Case No. 3:07cv0095 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| **STUART HUDSON, Warden** | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

Before the Court is Petitioner Mwaniki Johnson's ("Johnson") *Motion for Relief from Final Judgment (Pursuant to Fed. R. Civil Proc 60(B))* (Doc. 23.) This motion was filed on December 29, 2008, <u>after</u> the United States Court of Appeals for the Sixth Circuit affirmed this Court's Order (Doc. 16) dismissing Johnson's petition for a *writ of habeas corpus* and denied his application for a certificate of appealability (Doc. 21).[1]

By way of this motion, Johnson asks the Court to reconsider its November 30, 2007 Order dismissing his *habeas* petition as time-barred. (Doc. 16.) Johnson, however, has already appealed the November 30th Order, and the Sixth Circuit has already affirmed this Court's dismissal of Johnson's *habeas* petition as time-barred in an opinion issued July 31, 2008. (Doc. 21.) Specifically, the Sixth Circuit stated:

> Read liberally, Johnson's pro se application for a certificate of appealability challenges the district court's determination that his habeas petition was time-barred, because he is seeking review of the merits of his grounds for relief. The court, however, concludes that jurists of reason could not disagree with the district court's conclusion that Johnson's habeas petition was time-barred or that equitable tolling was inappropriate, for the reasons stated by the district court.

---

[1] Johnson's petition for a *writ of certiorari* has also been denied. (Doc. 24.)

(Doc. 21 at 2.)

Johnson's arguments for reconsideration are not without some force. Johnson argues that this Court overlooked the Sixth Circuit's decision in *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) when it rendered judgment against him in November of 2007. He argues that, although the Supreme Court has since overruled *Abela*, *Abela* was the governing Sixth Circuit authority on the issue when he filed his *habeas* petition on December 21, 2006, and, under *Abela*, it was timely filed. (Doc. 23.) In accordance with the rule in *Lawrence v. Florida*, 549 U.S. 327 (2007), this Court calculated the deadline for Johnson's petition without tolling the time during which Johnson could have filed, but did not actually file, a petition for a *writ of certiorari* with respect to the state court's denial of his motion for post-conviction relief. (Doc. 16 at 6-7.) In *Abela*, however, the Sixth Circuit had stated: "we hold that under [28 U.S.C. §] 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." 348 F.3d at 172-73. Johnson says this Court and the Sixth Circuit should have relied on *Abela*, not *Lawrence*, because, though *Lawrence* was decided before his petition was denied, it was not decided until after his petition was <u>filed</u>, which should be the relevant point of inquiry.

The problem with Johnson's reliance on *Abela* now, however, is that *Abela* predated this Court's judgment, the Sixth Circuit's decision affirming that judgment, and the Supreme Court's decision to let the Sixth Circuit's ruling stand. As a result, *Abela* was available to all three Courts when judgment was rendered against Johnson, including two Courts to which this Court must give deference. Johnson's arguments, moreover, ultimately depend on a finding that equitable tolling is

2

appropriate. *See Henderson v. Luoma*, 302 Fed. Appx. 359, 362 (6th Cir. 2008) (unpublished). In this case, however, the Sixth Circuit expressly determined that "jurists of reason could not disagree with the . . . conclusion . . . that equitable tolling was inappropriate."[2] (Doc. 21 at 2.) This Court can not now disturb a judgment by the Sixth Circuit merely because Johnson believes all the Court's considering his case erred. Consequently, this Court does not have jurisdiction to undermine the Sixth Circuit's decision expressly <u>affirming</u> the holding barring Johnson's *habeas* petition based on the applicable statute of limitations. Johnson's *Motion for Relief from Final Judgment (Pursuant to Fed. R. Civil Proc 60(B))* is **DENIED** accordingly.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: April 16, 2008**

---

[2] As this Court noted in its November 2007 Order, moreover, Johnson waived his equitable tolling argument by failing to raise it in any petition or brief prior to his objections to the Magistrate Judge's Report & Recommendation. (Doc. 16 at 8.)