## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MWANIKI JOHNSON, | ) | CASE NO. 3:07CV0095 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report & Recommendation ("R&R") of Magistrate Judge Nancy A. Vecchiarelli (Doc. No. 34), which recommends denial of the petition for writ of habeas corpus and dismissal of the case. Petitioner filed objections (Doc. No. 35) and respondent filed a response to those objections (Doc. No. 37).

The Court has conducted its *de novo* review of the matters raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, petitioner's objections are overruled. The petition for writ of habeas corpus is denied and the case is dismissed with prejudice.

### I. FACTUAL BACKGROUND

The complete factual and procedural history of this case was accurately set forth in the R&R, with no objections. Therefore, that background is adopted.

For purposes of petitioner's objections, the following facts, as set forth by the state appellate court as "undisputed," are relevant:

*** On January 9, 2003, appellant was charged in a two-count indictment with one count of felonious assault in violation of R.C. 2903.11, with a firearm specification and a repeat violent offender specification; and one count of attempted murder in violation of R.C. 2923.02, with a firearm specification and a repeat violent offender specification.

{¶ 9} The charges arose out of a shooting that occurred on the night of November 14, 2002, in Toledo, Ohio. The incident occurred at the home of appellant's girlfriend, Sheronda Daugherty, following an argument between appellant and the victim, Anthony King. According to testimony at trial, at one point during the dispute, appellant left the room and returned with a shotgun. Appellant shot King in the back as King walked out of the house. Appellant then came out of the house, said something to King as he lay on the ground, walked toward the basement of the house and left the scene. Police apprehended appellant a short time later riding in his father's truck.

{¶ 10} The matter proceeded to trial and on April 30, 2003, the jury returned a verdict of guilty as to attempted murder and the firearm specification but did not return a verdict as to the felonious assault count. Over appellant's objection, the trial court ordered the jury to deliberate further and return a verdict as to Count 1. The jury then returned a verdict of guilty as to the felonious assault count and the firearm specification. On May 6, 2003, the trial court held a hearing to determine whether appellant was a repeat violent offender pursuant to R.C. 2941.149. The trial court found appellant to be a repeat violent offender following the testimony of appellant's probation officer that he had previously been charged with and convicted of felonious assault after shooting someone in the chest. On May 21, 2003, the matter was called for a sentencing hearing and appellant was sentenced to serve ten years imprisonment for the attempted murder conviction, three years for the firearm specification and an additional two years based on the finding that he was repeat violent offender. The trial court ordered that all of the sentences be served consecutively. At that time, the trial court did not impose a sentence for the felonious assault conviction and the firearm specification attached to that charge.

{¶ 11} Appellant began to serve his sentence, and on June 17, 2003, the case was called for a sentence review hearing. At that time, the trial court ordered the original sentence modified. The trial court sentenced appellant to ten years for the attempted murder conviction and eight years for the felonious assault conviction. In addition, appellant was sentenced to serve three years for each firearm specification, four years for the repeat violent offender finding as to the felonious assault conviction, and two years for the repeat violent offender finding as to the attempted murder conviction. The trial court then ordered the two fifteen-year sentences to be served concurrently with the exception of the three-year firearm specification from Count 1, which was to be served consecutively, for a total sentence on all charges of eighteen years.

2

*State v. Johnson*, No. L-03-1206, 2005 WL 635023, at *1-2 (Ohio Ct. App. Mar. 18, 2005).

## II. PROCEDURAL BACKGROUND

The procedural background was also thoroughly reviewed in the R&R and need only be repeated here to the extent it relates to the petitioner's objections to the R&R.

On July 17, 2003, represented by new counsel, petitioner filed a timely direct appeal, raising five assignments of error:

I.     The trial court erred by instructing the jury that they could consider flight from the scene in determining the guilt of defendant.

II.    The trial court erred in finding that defendant was a repeat violent offender.

III.   The trial court erred by violating the double jeopardy clause of the State of Ohio and United States Constitutions by allowing the jury to consider felonious assault after they returned with a verdict on the attempt murder charge.

IV.    The trial court erred by violating the double jeopardy clause of the State of Ohio and United States Constitutions by entering a sentence for felonious assault after defendant's sentencing hearing had been held and the court had already journalized its sentencing order.

V.     The trial court erred by imposing the maximum sentence.

(Return of Writ, Ex. 8, Doc. No. 9-2 at 2.) On March 18, 2005, the state court of appeals affirmed the judgment of the trial court. (*Id*., Ex. 10, Doc. Nos. 9-4, 9-5.) Still represented by counsel, petitioner appealed to the Ohio Supreme Court raising the same five issues. On August 10, 2005, the Ohio Supreme Court denied leave to appeal. (*Id*., Ex. 14, Doc. No. 9-7 at 18.)

On June 7, 2005, before the Ohio Supreme Court rejected his appeal, petitioner filed a *pro se* application to reopen his direct appeal pursuant to Ohio App. R. 26(B), raising one assignment of error:

3

Appellant was denied his Sixth Amendment right to the effective assistance of appellate counsel because counsel failed to brief, as an assignment of error, trial counsel's ineffective assistance of his failure to object to the illegal sentence imposed under existing law at the time of sentencing, which prejudiced appellant to a substantial increase in the term of appellant's confinement. U.S. Const. Amend. VI, XIV; Ohio Const. Art. I §§ 10 and 16.

(Return, Ex. 15, Doc. No. 9-7 at 19-30.) On June 28, 2005, the state appellate court denied petitioner's application to reopen. (*Id.*, Ex. 16, Doc. No. 9-7 at 31-34.)

## III. DISCUSSION

The R&R accurately notes that petitioner exhausted his available state remedies and has not procedurally defaulted on either of the two grounds raised in his habeas petition. Respondent has not argued otherwise.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**A.     The R&R**

    **1.     Ground One**

In his first ground, petitioner asserts that the trial court violated the double jeopardy clause by bringing him back from prison to be resentenced to additional incarceration after he had already begun serving his sentence.

The R&R concludes that the resentencing did not violate double jeopardy because it did not involve a second prosecution or multiple punishments for the same offense; nor did his resentencing include an additional sentence upon a conviction for which he had already received punishment. *See Brown v. Ohio*, 432 U.S. 161, 165-66 (1977). Rather, petitioner was first sentenced for the attempted murder conviction and the resentencing only added a sentence for the felonious assault conviction. Therefore, because petitioner failed to demonstrate that the state appellate court's finding that his resentencing did not violate the double jeopardy clause was contrary to, or an unreasonable application of, a holding of the Supreme Court, the R&R recommends dismissal of ground one. (R&R at 12-14.)

Neither party has objected to this recommendation and, therefore, it is accepted.

    **2.     Ground Two**

In this ground, petitioner argues that he was denied effective assistance of appellate counsel, in violation of the Sixth and Fourteenth Amendments, due to counsel's failure to raise the issue that the trial court erred by sentencing petitioner to maximum consecutive sentences in violation of the mandate embodied in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).

The R&R characterizes ground two as a claim that appellate counsel was ineffective for failing to argue on direct appeal that *trial* counsel was ineffective for his failure to

raise an *Appendi/Blakely* argument. (R&R at 14.) Petitioner challenges this characterization, correctly noting that his argument here has consistently been, not that appellate counsel was ineffective for failing to raise some ineffectiveness of trial counsel, but that appellate counsel was ineffective "in failing to raise an issue on direct appeal regarding the then newly minted decision in *Blakely v. Washington*, 542 U.S. 296 (2004)." (Objections, Doc. No. 35 at 2.)[1] Petitioner objects to the R&R for its failure to address the actual issue he raised.[2] Therefore, this Court will address whether petitioner's appellate counsel was ineffective for failure to raise a challenge to petitioner's sentence under *Blakely*.[3]

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

---

[1] Petitioner did raise the issue addressed in the R&R in his motion to reopen his appeal filed in state court. However, after the motion was denied, petitioner made no attempt to appeal that denial to the Ohio Supreme Court and has not further pursued that claim. Therefore, it would be procedurally defaulted.

[2] The R&R determines that petitioner cannot argue that trial counsel was ineffective for failure to raise a *Blakely* challenge because *Blakely* had not been decided at the time of his sentencing. Therefore, the R&R concludes that "the only remaining question, then, is whether trial counsel was ineffective for failing to object to Johnson's sentence in light of *Apprendi*." (R&R at 18.) The R&R also concludes:

> At the time of Johnson's sentencing, no Ohio appellate court had found that *Apprendi* prohibited a sentence such as Johnson's. Indeed, every Ohio appellate court to consider the matter found that such sentences were permitted by *Apprendi*. Thus, at the time of sentencing, it was entirely reasonable for Johnson's trial counsel to not object to Johnson's sentence on the basis of *Apprendi*. At that time, there was no likelihood that such an objection would have succeeded. Therefore, the performance of Johnson's [trial] counsel did not fall below an objective standard of reasonableness, and Johnson's trial counsel was not ineffective.

(R&R at 19-20.) Because petitioner is correct that this was not the argument he raised, the Court need not give this conclusion *de novo* review. That said, in light of the Court's discussion herein relating to the actual second ground, there is no reason to reject the R&R's conclusion.

[3] Strictly speaking, since this particular version of ground two has never been submitted to the state courts, it is procedurally defaulted. However, respondent did not raise this issue except in passing in the response to the objections. *See* Doc. No. 37, at 3-4 ("Respondent did not challenge Ground Two as procedurally defaulted or as not fairly presented, though it was."). Although this would be sufficient reason to reject ground two, for purposes of thoroughness, the Court will address it.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or . . . sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687. This standard is applicable to claims of ineffective assistance of both trial and appellate counsel. *Williams v. Booker*, No. 10-1785, 2012 WL 15722, at *3 (6th Cir. Jan. 5, 2012) (citing *See Webb v. Mitchell,* 586 F.3d 383, 398 (6th Cir.2009); *Smith v. State of Ohio Dept. of Rehab. & Corrs.,* 463 F.3d 426, 433 (6th Cir.2006)).

Petitioner was initially sentenced on May 21, 2003 and then resentenced on June 17, 2003. His notice of appeal was filed on July 16, 2003 and his appellate brief was filed on January 7, 2004. *Blakely* was not decided until June 24, 2004. Therefore, it cannot have been error for appellate counsel to have failed to raise a *Blakely* challenge when *Blakely* had not yet been decided as of the relevant dates in petitioner's proceedings.[4]

On March 18, 2005, the Court of Appeals for the Sixth Appellate District of Ohio affirmed petitioner's conviction and sentence, with no one having raised any *Blakely* challenge even though, by then, *Blakely* had been decided. However, even if appellate counsel had been able to amend the appellate brief to raise *Blakely* after June 24, 2004, that argument would not

---

[4] Furthermore, as the R&R points out, although *Apprendi* had been decided about three years before petitioner was sentenced, all Ohio appellate courts that had addressed the issue by the time of petitioner's sentencing had found *Apprendi* inapplicable to Ohio's sentencing scheme. *See State v. Huntley*, No. 02CA15, 2002 WL 31769238, at *5 (Ohio Ct. App. Dec. 9, 2002) ("like other districts who have addressed this issue, we find *Apprendi* inapplicable to Ohio's sentencing scheme, so long as the sentence is not outside the possible, maximum sentence for the crime to which the defendant pleads. *See State v. Carter,* Lucas App. No. CR-99-2248, 2002-Ohio-3433; *State v. Seese,* Lorain App. Nos. 01CA007852, 01CA007889, 2002-Ohio-1998; *State v. Brown,* Montgomery App. No. 18643, 2002-Ohio-277; and *State v. Neal* (Aug. 13, 2001), Stark App. No.2001CA00067.")

have succeeded in the Sixth Appellate District. On the very same day it decided petitioner's appeal, that appeals court also decided *State v. Curlis*, No. WD-04-032, 2005 WL 635025 (Ohio Ct. App. Mar. 18, 2005), wherein it held:

> The *Blakely* protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme. Our analysis leads us to conclude that *Blakely* applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. The determinate sentencing scheme in Washington is unlike Ohio sentencing provisions. The Washington statutes set ceilings on sentencing based on a defendant's proven conduct, while Ohio law directs judicial discretion within an indeterminate sentencing scheme, permitting a judge to exercise discretion within that range. See *State v. Berry*, 12th Dist. No. CA 2003-02-053, 2004-Ohio-6027. In *Blakely,* the trial court found an additional factor which it used to enhance the defendant's sentence *beyond* the prescribed range to a term of 90 months. In the present case, the trial court sentenced appellant *within* the statutory range for a third-degree felony.

*Id*. at *3 (emphasis in original). The court in *Curlis* also noted that "[d]iscretionary appeals raising the issue of *Blakely*'s application to Ohio sentencing law are pending before the Supreme Court of Ohio in *State v. Quinones*, 8th Dist. No. 83720, 2004-Ohio-4485, and *State v. Foster*, 5th Dist. No. 03CA95, 2004 Ohio 4209." *Id*., n.1. Of course, on February 27, 2006, long after petitioner's appeals were completed, the Ohio Supreme Court ultimately determined in *Foster*, that portions of Ohio's sentencing statutes were unconstitutional under *Apprendi* and *Blakely*; it severed those portions of the statutes and held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St. 3d 1 (2006), Syllabus ¶ 7; *see also Baker v. Voorhies*, 392 F. App'x 393, 401 (6th Cir. 2010) ("[t]hat the entire Ohio appellate bench (at least through February 2005) and the state sentencing commission failed to see the merit in a *Blakely* challenge to the Ohio felony-

sentencing statute makes it impossible to conclude that *Foster* was 'clearly foreshadowed' at the time of Baker's appeal in July 2004.").[5]

   In his traverse, petitioner argues that "[t]he fact that the Ohio Courts did not correctly apply *Blakely* until 2006 should have no relevance as to whether or not petitioner should be afforded habeas corpus relief because their decision that *Blakely* did not apply to Ohio was in violation of clearly established federal law as determined by the United States Supreme Court." (Traverse, Doc. No. 10, at 5.) However, this argument misses the point. This Court is not deciding whether petitioner was properly sentenced. This Court is determining only whether, under the case law as it existed at the time of his direct appeal, it was ineffective assistance of appellate counsel to fail to raise a *Blakely* challenge. The Court concludes that it was not.

   Therefore, upon the Court's *de novo* review, ground two must be overruled and habeas relief on that ground denied.

---

[5] In *Baker*, the appellate brief was filed just over two weeks after *Blakely* was decided. Baker argued that appellate counsel was ineffective for failing to raise a *Blakely* challenge on direct appeal. In denying Baker's habeas petition, the district court concluded that appellate counsel was not ineffective since, "at the time Baker's direct appeal was filed, ... counsel had no reason to believe that a *Blakely* challenge would be successful in Ohio and good reason to believe that [it] would not be successful ...." 392 F. App'x at 397 (alterations in original). Affirming the district court's denial of the petition, the Sixth Circuit noted: "[W]e have already held three times that an Ohio attorney was not ineffective for failing to anticipate the outcome in *Foster*." 392 Fed. App'x at 395 (citing *Henley v. Brunsman*, 379 F App'x 479 (6th Cir. 2010); *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285-86 (6th Cir. 2010); *Benning v. Warden, Lebanon Corr. Inst.*, 345 F. App'x 149, 157 (6th Cir. 2009)).

## IV. CONCLUSION

For the reasons set forth herein, petitioner's objections to the R&R are overruled. The petition for writ of habeas corpus is **DENIED** and this case will be **DISMISSED** with prejudice by separate order. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 31, 2012

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**